IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162 ) MDL No. 2591
CORN LITIGATION )
) Case No. 14-md-2591-JWL
This Document Relates To: )
)
*Trans Coastal Supply Company, Inc.* )
*v. Syngenta AG, et al.*, No. 14-2637-JWL )
_____)

## **MEMORANDUM AND ORDER**

This single case within this MDL brought by plaintiff Trans Coastal Supply Company, Inc. ("Trans Coastal" or "plaintiff") against defendant Syngenta[1] presently comes before the Court on plaintiff's motions to seal certain documents permanently (Doc. ## 53, 64). For the reasons set forth below, the Court **denies** the motions. All previously-sealed documents relating to Syngenta's motion for summary judgment or its motions to exclude expert testimony, including briefs and exhibits supporting or opposing motions regarding sealing, shall be unsealed.[2]

### **I. Procedural History**

In November 2019, Syngenta filed five motions to exclude testimony by plaintiff's expert witnesses. At the same time, Syngenta filed a sealed motion (Doc. # 40) for leave

---

[1] As in prior opinions, the Court refers to defendants collectively as "Syngenta".
[2] Thus, the following documents (including attachments) will be unsealed: Doc. ## 40, 47, 56, 59, 64, 66, 68, 70, 71, 74.

to file under temporary seal its supporting memoranda and certain exhibits, with those documents attached to the motion to seal. In the motion, Syngenta stated that certain exhibits had been designated by plaintiff as confidential under a protective order, and it requested a temporary seal to allow plaintiff time to file its own motion to keep the documents under seal permanently. The Court granted the motion and set a deadline for plaintiff's motion. Shortly thereafter, Syngenta moved for summary judgment and filed a similar sealed motion (Doc. # 47) for temporary sealing of its supporting memorandum and certain exhibits. Again, the Court granted the motion and set a deadline for plaintiff's motion. Plaintiff then filed the instant motion (unsealed) (Doc. # 53), which includes a chart listing plaintiff's position with respect to each document temporarily sealed. Syngenta has filed a brief in response (filed under seal, after seeking leave) (Doc. # 59) that includes its own chart.

Plaintiff did not seek to seal its summary judgment response or exhibits supporting that response. Plaintiff did file a motion (sealed) (Doc. # 64) seeking leave to file under seal its response and supporting exhibits in opposition to Syngenta's motion to exclude expert testimony by James Woods. The Court granted the motion in part, allowing the documents to be filed under seal; but kept the motion under advisement with respect to whether the documents should be permanently sealed.

Finally, before Syngenta filed its reply briefs in support of its summary judgment and its motion to exclude testimony by Woods, it filed sealed motions (Doc. ## 68, 71) for leave to file its briefs and some exhibits under temporary seal, to allow plaintiff seven days in which to file a motion to keep the documents sealed permanently. The Court granted

both motions, and Syngenta filed its replies and certain exhibits under seal. Plaintiff did not file any motion for permanent sealing of those documents, however.

In February 2020, the Court ruled on Syngenta's expert motions and the motion for summary judgment, although the Court did not address the pending issues relating to sealing. The Court resolves those issues herein.

**II.      Analysis**

  *A.      Governing Standards*

"Courts have long recognized a common-law access to judicial records." *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing, *inter alia*, *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). There exists a presumption in favor of public access to such records. *See id.* The presumption may be rebutted "if countervailing interests heavily outweigh the public interests in access." *See id.* (citation and internal quotation omitted). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *See id.* (citation and internal quotation omitted). This burden is a heavy one. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1136 (10th Cir. 2011).

Whether judicial records should be sealed is left to the discretion of the district court. *See Mann*, 477 F.3d at 1140 (citing *Nixon*, 435 U.S. at 599). The Court will seal documents "based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture." *See Callahan v. Unified Govt. of Wyandotte County / Kan. City*, 2013 WL 12175096, at *1 (D. Kan. Sept. 18, 2013) (citations omitted). The moving party

must come forward with evidence demonstrating harm that justifies sealing a document. *See Dryden v. City of Hays, Kan.*, 2012 WL 966170, at *1 (D. Kan. Mar. 21, 2012). "[T]hat a document is 'confidential' within the meaning of the parties' protective order has no bearing on whether the document should be filed under seal." *See Doe v. USD No. 237*, 2019 WL 687888, at *1 (D. Kan. Feb. 19, 2019). Financial information may be too stale to justify protection from public disclosure. *See In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, 2019 WL 2490670, at *2 (D. Kan. June 14, 2019) (forecasts involving years-old data appeared stale, movant did not establish how disclosure would likely disadvantage it unfairly).

### B. *Concessions by Plaintiff*

By way of its chart listing the temporarily-sealed documents, plaintiff concedes that certain documents should be unsealed. Thus, plaintiff is deemed to have abandoned its former request to seal such documents, which shall therefore be unsealed by consent of the parties.

### C. *Syngenta's Reply Briefs and Supporting Documents*

As noted above, the Court granted Syngenta's request that its reply briefs and certain supporting exhibits be sealed temporarily to allow plaintiff the opportunity to file a motion requesting that particular documents be sealed permanently. Plaintiff filed no such motion, however, and thus plaintiff has not requested that any of these documents be sealed. Nor has plaintiff met its burden to overcome the presumption and establish a basis for denying the public access to these records. Accordingly, the Court shall unseal Syngenta's reply

briefs and certain exhibits in support of its summary judgment motion and its motion to exclude testimony by Woods, which were previously sealed.

### D. *Remaining Sealed Documents*

Plaintiff seeks to seal permanently the briefs and certain exhibits submitted by Syngenta in support of its summary judgment motion and its motion to exclude regarding Woods, and the brief and certain exhibits filed by plaintiff in opposition to the Woods motion. Plaintiff argues that the briefs and exhibits contain proprietary and sensitive financial information and business information concerning its transactions, customers, and suppliers. The Court concludes that plaintiff has not met its heavy burden to overcome the presumption in favor of public access to these judicial records, for multiple reasons.

First, although plaintiff's briefs refer to redaction, plaintiff appears nonetheless to request that the documents be permanently sealed in their entirety. The documents – in particular the briefs and the deposition testimony excerpts – contain a lot of information that inarguably does not constitute sensitive financial or business information, and thus would not be subject to sealing. Plaintiff has not specified the particular portions of the documents that might justifiably be shielded from public disclosure. Nor has plaintiff proposed particular redactions. Thus, plaintiff has not identified particular information that should remain permanently sealed.

Second, plaintiff has not provided any evidence, in the form of a sworn declaration or otherwise, to establish that particular information is sensitive and confidential and that public disclosure of the information would likely harm plaintiff's interests. Plaintiff appears simply to presume that documents containing financial and business information

will be sealed. As noted above, however, plaintiff must support its request with particularized showings with respect to particular information, based on evidence; mere speculation is not enough. This lack of support and specificity is especially problematic in light of the issues raised by Syngenta in its brief. For instance, all of the business information is already many years old, and plaintiff has not shown that any particular information is not stale and that plaintiff would likely still be harmed by disclosure. In addition, Syngenta notes that much information concerning plaintiff's business and financial dealings – including some of the same information that plaintiff seeks to seal here – has already been made public in the Kansas class trial and in plaintiff's bankruptcy proceedings, in which plaintiff was required to submit financial information and reports, and in which plaintiff's lender and various customers and suppliers made claims that included references to financial and business information concerning plaintiff. Plaintiff has not met its burden to show that any particular information merits protection from public disclosure despite those previous public proceedings. Indeed, plaintiff did not file a reply brief, and thus plaintiff has not addressed the specific issues raised by Syngenta. Nor did plaintiff address such issues in its second motion to seal (relating to its opposition to the Woods motion), even though Syngenta had already briefed these issues.

Thus, the Court concludes in its discretion that plaintiff has failed to meet its burden to overcome the presumption in favor of public access to records in this case. Accordingly, the Court denies plaintiff's motions for permanent sealing of certain documents.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motions to seal certain documents permanently (Doc. ## 53, 64) are hereby **denied**. All previously-sealed documents relating to Syngenta's motion for summary judgment and its motions to exclude expert testimony, including briefs and exhibits supporting or opposing motions regarding sealing, shall be unsealed.

IT IS SO ORDERED.

Dated this 19th day of March, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge